**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**February 21, 2025**

_____

**Christopher M. Wolpert**
**Clerk of Court**

WARREN HEIDELBERGER,

    Plaintiff - Appellant,

v.

ILLINOIS RIVER RANCH
RECREATIONAL VEHICLE PARK
PROPERTY OWNERS ASSOCIATION,
INC.; BRANDI PEACE; JIMMY
GOWER; MICHELLE HOWELL; JIM
McSPADDEN; DOES 1-10,

    Defendants - Appellees.

No. 24-7056
(D.C. No. 6:23-CV-00167-GLJ)
(E.D. Okla.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **MATHESON**, **BACHARACH**, and **CARSON**, Circuit Judges.

_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff Warren Heidelberger, appearing pro se, appeals the district court's final judgment in favor of Defendants. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

## I.  BACKGROUND

### A.  *State Court Proceedings*

Defendant Illinois River Ranch Recreational Vehicle Park Property Owners Association (the "Association") is a non-profit corporation located in the State of Oklahoma. The Association is responsible for enforcing restrictive covenants in a recreational vehicle development known as the Illinois River Village (the "Village"). According to the record in this case, Mr. Heidelberger owns at least two lots in the Village.

In 2021, the Association sued Mr. Heidelberger in Oklahoma state court for violating the Village's covenants and restrictions. Mr. Heidelberger failed to appear for trial. In November 2021, the state district court awarded attorney fees to the Association in the amount of $4,935.14 plus interest.

Since late 2021, the Association has attempted to collect the award of attorney fees, as well as the regular lot dues that Mr. Heidelberger owes the Association. These attempts included sending monthly email invoices to Mr. Heidelberger. Mr. Heidelberger resisted these attempts.

In February 2023, the Association obtained from the state district court a separate order enforcing its November 2021 order granting attorney fees against Mr. Heidelberger.

2

## B. *Federal Court Proceedings*

In March 2023, Mr. Heidelberger filed suit in Oklahoma state court against the Association and its Treasurer.  Mr. Heidelberger alleged that the action arose "from Defendants' attempts to collect an alleged consumer debt in violation of the federal Fair Debt Collection Practices Act . . . ('FDCPA')" and "the Oklahoma Consumer Protection Act . . . ('OCPA')."  R. vol. I at 16 (emphasis omitted).

Defendants removed the case to federal district court on the basis of federal question jurisdiction under 28 U.S.C. § 1331.  Mr. Heidelberger thereafter filed an amended complaint that added three named defendants who were employed by the Association, ten unidentified defendants, and numerous additional claims.  Counts One through Sixteen of the amended complaint asserted various claims under the FDCPA.  Counts Seventeen through Twenty-One of the amended complaint asserted claims under the OCPA.  Count Twenty-Two alleged civil conspiracy.  Count Twenty-Three alleged abuse of process.

1. **Motion to Dismiss**

Defendants moved to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6), arguing it failed to state a valid claim for relief under the FDCPA.  They argued that the FDCPA claims should be dismissed because the Association was seeking to collect its own debts from Mr. Heidelberger and thus was expressly excluded from the FDCPA's definition of a "debt collector."
Mr. Heidelberger argued in response that the Association was a debt collector under FDCPA because, in attempting to collect from him, the Association used a variety of

3

names and acronyms suggesting to him that a third party was attempting to collect the debts.[1]

The district court granted Defendants' motion to dismiss. In doing so, it asked "whether under the particular factual circumstances present, the least sophisticated consumer would have the false impression that a [third party] was collecting the debt" at issue. R. vol. I at 361 (quotations omitted). "The 'least sophisticated consumer,'" the court said, "is an objective standard which protects naïve consumers while preserving reasonableness by 'prevent[ing] liability for bizarre or idiosyncratic interpretations[.]'" *Id.* (quoting *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam)).

The district court found that "[t]he least sophisticated consumer would connect" the Association "with the various acronyms and names alleged in the First Amended Complaint because they all contain a substantial combination of the same words and/or abbreviations." *Id.* at 364. The court therefore concluded that Mr. Heidelberger's First Amended Complaint failed to "state a plausible FDCPA claim." *Id.* As for the state law claims, the district court declined to exercise supplemental jurisdiction over them.

---

[1] These included: "Illinois River Ranch Resort POA"; "irvpoa"; "IRRV POA"; "IRR RV Park"; "Illinois River Ranch Recreational Vehicle Property Owners Association of the Illinois River Ranch, Inc. d/b/a/ Illinois River Village (IRR POA)"; "IRR POA"; "Illinois River Ranch RV POA Board of Directors"; and "Illinois River Ranch Resort." R. vol. I at 362.

2. **Motion for Leave to Amend**

Out of an abundance of caution, the district court afforded Mr. Heidelberger "a limited opportunity to seek leave" to file a proposed second amended complaint. *Id.* at 365 (emphasis omitted). The court instructed Mr. Heidelberger that a proposed second amended complaint would need to "identify[] *all* names used by Defendants which [he] contend[ed] demonstrate[d] that Defendants qualif[ied] as debt collectors pursuant to the false name exception" and should also include "a redlined version showing the differences between the First Amended Complaint and the proposed Second Amended Complaint." *Id.* at 365–66.

Mr. Heidelberger filed a motion for leave to amend with a proposed second amended complaint and a redlined version as directed by the district court. Defendants filed a response in opposition.

The district court issued an opinion and order denying Mr. Heidelberger's motion for leave to file his proposed second amended complaint. It concluded that the proposed second amended complaint included new factual allegations that were outside of the scope of the district court's instructions. The court therefore disregarded those new alleged facts. As for the remainder of the proposed second amended complaint, the court concluded that "a reasonable consumer would associate the . . . names and acronyms utilized in" the Association's "debt collection attempts with" the Association, i.e., "the entity that used fourteen derivation names in the prior [state court] lawsuit, obtained a judgment against" Mr. Heidelberger "and that was awarded attorney fees." *Id.* at 497. The court concluded that "granting

5

[Mr. Heidelberger] leave to amend yet again would be futile because the complaint as amended would be subject to dismissal for failing to allege Defendants qualify as debt collectors under the FDCPA." *Id.* at 498.  The court therefore remanded Mr. Heidelberger's remaining state law claims to Oklahoma state district court.  Final judgment was entered in the case that same day.

### 3.  **Rule 60(b) Motion**

Mr. Heidelberger filed a timely Rule 60(b) motion.  The district court denied that motion, concluding Mr. Heidelberger failed to demonstrate exceptional circumstances as required for relief under Rule 60(b)(1), (2), (3), and (4).

This appeal followed.

## II.  **DISCUSSION**

We construe Mr. Heidelberger's pro se appellate brief as asserting two issues: (1) that "Appellant['s] use of the name 'Illinois River Ranch RESORT' could reasonably be interpreted to mean a third-party is involved, making it a "debt collector" under the FDCPA"; and (2) the district court "failed to apply the proper legal standard of 'any set of facts'" in denying as futile his motion for leave to file his proposed second amended complaint.[2]  Aplt. Br. at 3, 4.  Mr. Heidelberger is challenging both the district court's dismissal of his first amended complaint under Rule 12(b)(6) and the district court's denial of his motion for leave to file his

---

[2] Because Mr. Heidelberger appears pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

proposed second amended complaint. He does not challenge the dismissal of his Rule 60(b) motion.

## A. *Standards of Review*

We review dismissals under Rule 12(b)(6) de novo, applying the same standards as the district court. *See Cnty. of Santa Fe v. Pub. Serv. Co.*, 311 F.3d 1031, 1034 (10th Cir. 2002). Our duty is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

Generally speaking, "[w]e review the district court's decision on a motion for leave to amend the complaint for abuse of discretion." *Mengert v. United States*, 120 F.4th 696, 717 (10th Cir. 2024). But where, as here, "a district court denies leave to amend because amendment would be futile, our review for abuse of discretion includes de novo review of the legal basis for the finding of futility."[3]

---

[3] Because we review de novo the denial of Mr. Heidelberger's motion for leave to file his proposed second amended complaint, we summarily reject Mr. Heidelberger's

*Johnson v. Metro. Prop. & Cas. Ins. Co.*, 97 F.4th 1223, 1232 (10th Cir. 2024) (quotations omitted).  "An amendment is futile if, as amended, it would be subject to dismissal."  *Id.* (quotations and brackets omitted).

## B. *Analysis*

"The FDCPA regulates 'debt collector[s],' defined as persons who 'regularly collect[] or attempt[] to collect' someone else's debts."  *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1209 (11th Cir. 2019) (quoting 15 U.S.C. § 1692a(6)).  Given this statutory definition, the FDCPA typically "does not apply to creditors trying to collect their own debt."  *Id.*  There are, however, "instances in which creditors collecting their own debt are deemed debt collectors under the statute."  *Id.*  In particular, "[t]he FDCPA applies to 'any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.'"  *Id.* (quoting 15 U.S.C. § 1692a(6)).  This is known "as the false-name exception."  *Id.*

The Tenth Circuit has not determined the controlling standard for when the false-name exception applies.  Some circuits "hold that the false-name exception applies when the 'least sophisticated consumer' would believe a third party was involved in collecting a debt."  *Id.* (citing cases).  In other FDCPA contexts, however, we have rejected the "least sophisticated consumer" standard in favor of

---

argument that the district court failed to apply the proper standard in making its futility determination.

"the 'reasonable consumer' standard." *Tavernaro v. Pioneer Credit Recovery, Inc.*, 43 F.4th 1062, 1071–72 (10th Cir. 2022) (discussing standard for assessing materiality of misleading, deceptive, or false statements).

We need not decide which of these two standards controls because we conclude that Mr. Heidelberger's first amended complaint and his proposed second amended complaint are deficient under either standard. More specifically, we conclude that neither a sophisticated nor a reasonable consumer could have been confused that it was the Association, and not any other entity, that was attempting to collect the debt owed by Mr. Heidelberger to the Association. Thus, we agree with the district court that both Mr. Heidelberger's first amended complaint and his proposed second amended complaint failed to sufficiently allege that the Association or any of its employees were "debt collectors" under the FDCPA.

### III.  CONCLUSION

We affirm district court judgment.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge